IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:10-cr-93 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| Damon Seldon, | : | **Order Denying Defendants' Motions** |
| | : | |
| Defendant. | : | |

This matter is before the Court on Defendant Damon Seldon's Request to Review his Sentencing Transcripts and related "Request for Documentation of § 3582 Document's in Sentence." (Docs. 203, 204.) The Government responded in opposition. (Doc. 207.) For the reasons that follow, Seldon's Motions will be **DENIED**.

On November 10, 2010, Defendant pled guilty to one count of Conspiracy to Commit Bank Fraud. (Doc. 57.) On February 24, 2011, Defendant was sentenced to a term of 46 months of imprisonment and ordered to pay J.P. Morgan Chase restitution in the amount of $9,900 and a $100 assessment. (Doc. 104.) The restitution was to be made joint and several with his co-Defendants, Philip Ewing, Anthony Thompson, and Lisa Day. (*Id.*) On November 22, 2011, Defendant's sentence was amended to reduce his term in prison to 33 months, but the restitution order remained unaltered. (Doc. 135.) The government asserts that as of September 12, 2024, Defendant owes $6,189.06. (Doc. 207.)

Defendant requests his Sentencing Transcripts in an attempt to establish that he should only have to pay one fourth of the $10,000 judgment and has therefore "paid his restitution."

(Docs. 203 and 204, respectively.) For the reasons that follow, the Court will deny these requests.

The Mandatory Victim Restitution Act of 1996 ("MVRA") governs all impositions of restitutions for offenses completed on or after April 24, 1996. *United States v. Schulte*, 264 F.3d 656, 662 (6th Cir. 2001).[1] Courts are required to enter restitution orders for defendants who are convicted or plead guilty to offenses committed by fraud or deceit. 18 U.S.C. § 3663A(c)(1)(A)(ii). The amount of restitution shall be the "full amount of each victim's loss," and the determination shall be made "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Section 3664 gives district courts significant latitude in determining how and if restitution should be apportioned between co-defendants.

> If the court finds that more than 1 defendant has contributed to the loss of a victim, the court *may* make each defendant liable for payment of the full amount of restitution or *may* apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C. § 3664(h) (emphasis added). Here, the Judgment clearly states that all defendants are jointly and severally liable for the restitution owed. (*See* Docs. 104, 135.)

To the extent Defendant asks this Court to modify his restitution amount on the basis that it is was a "clerical mistake," the Court is without authority to do so. Fed. R. Crim. P. 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." A clerical error is construed as clearly "mechanical" in nature, which is certainly not the case here. *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008) (quoting *Robinson*, 368 F.3d at 656). Although Defendant may disagree with the judgment of the district court judge who sentenced him, there is no evidence of a

---

[1] Because the Defendant's offense ended on March 2, 2009, the MVRA governs. (Doc. 135.)

clerical mistake. The Court determined he is liable for restitution, jointly and severally, with his co-defendants. That determination was made many years ago and still stands.

18 U.S.C. 3664(o) enumerates grounds for altering a restitution order, none of which are applicable here. Section 3664(o)(1)(A) and (B) cite the authority granted under Fed. R. Crim. P. 35 and 18 U.S.C. § 3742, but the clock on these methods of relief has run out. A motion pursuant to Fed. R. Crim P. 35 must be made "[w]ithin 14 days after sentencing," and Defendant was sentenced over thirteen years ago. 18 U.S.C. § 3742 allows a defendant to file a notice of appeal seeking alteration of a restitution order, but typically "sentencing challenges must be raised on direct appeal or they are waived." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Since this motion is neither a direct appeal nor within fourteen days of Defendant's sentencing, these provision are inapplicable. 18 U.S.C. § 3664(o)(1)(C) references subsection (d)(5) pertaining to an inability to assess the victim's losses prior to sentencing; this provision is likewise inapplicable to Defendant's request. Finally, 18 U.S.C. § 3664(o)(1)(D) cites subsection (k) which grants a district court the authority to "adjust the payment schedule" in response to a change in the defendant's economic situation. Here, Defendant is asking for a reduction of the restitution amount—not an adjustment of his payment schedule—rendering this subsection equally inapplicable.

The Sixth Circuit has recently addressed a district court's ability to modify a restitution order and likewise found that this authority lies beyond a district court's purview. *United States v. Ushery*, No. 23-5840, 2024 U.S. App. LEXIS 1551 (6th Cir. Jan. 23, 2024) (upholding the district court's denial of a motion for modification of restitution). Seldon's Motions (Docs. 203, 204) are **DENIED**.

**IT IS SO ORDERED**.

3

BY THE COURT:

Susan J. Dlott
United States District Judge

4